# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 4, 2013

Lyle W. Cayce
Clerk

No. 12-50369
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JUAN CARLOS VERDUGO,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2752-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Verdugo challenges the substantive reasonableness of the 46-month within-Guidelines sentence imposed following his guilty plea conviction of illegal reentry.

Because Verdugo's sentence falls within the applicable Guidelines range, it "is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita v. United States*, 551 U.S. 338, 347 (2007) (upholding the application of the presumption of reasonableness to sentences within a properly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

calculated Guidelines range).  Furthermore, Verdugo concedes that his failure to object to the substantive reasonableness of his sentence in the district court results in plain error review.  *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

This court has rejected Verdugo's arguments that sentences determined under section 2L1.2 of the Guidelines are unreasonable because section 2L1.2 is not empirically grounded and because prior convictions may count toward both offense-level and criminal-history-category calculations.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).  With regard to Verdugo's contention that the district court failed to account sufficiently for his particular circumstances in its 18 U.S.C. § 3553(a) analysis, he brought these circumstances to the attention of the district court, and this court recognizes that "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant."  *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).  Whether we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."  *Gall*, 552 U.S. at 51.  Verdugo has shown no error, plain or otherwise.

AFFIRMED.